IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| AFFILIATED REAL ESTATE | * | |
| APPRAISERS OF ARKANSAS | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | NO: 4:07CV01221 SWW |
| | * | |
| WILLIAM MORAN, ET AL. | * | |
| | * | |
| Defendants | * | |
| | * | |
| | * | |

**ORDER**

Before the Court is a motion for attorney fees, costs, and prejudgment interest by Plaintiff Affiliated Real Estate Appraisers of Arkansas ("Affiliated") (docket entry #36). The time for responding has passed, and Defendant William Moran ("Moran") has not responded. After careful consideration, and for the reasons that follow, Affiliated's motion will be granted as provided in this order.

**Background**

Affiliated, an Arkansas corporation, commenced this breach of contract action against Moran, a resident of Massachusetts, pursuant to the Court's diversity jurisdiction. On September 21, 2008, Affiliated filed a motion for default judgment based on Moran's failure to comply with discovery orders. Moran received notice and opportunities to be heard, but he declined to respond to Affiliated's motion.

1

By order entered October 28, 2008, the Court found that Moran failed to comply with discovery orders and that default judgment should be entered. After a hearing on damages, which Moran failed to attend, the Court entered default judgment in the amount of $84,966.50 in favor of Affiliated.

**Attorney Fees**

The right to recover attorney fees in diversity cases is determined by state law, *see Lamb Engineering & Const. Co. v. Nebraska Public Power Dist.*, 103 F.3d 1422, 1434 (8th Cir. 1997), in this case Arkansas law.[1] Arkansas Code § 16-22-308 provides: "In any civil action . . . for . . . breach of contract, unless otherwise provided by law or contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as cost." Ark. Code Ann. § 16-22-308. An award of attorney's fees under § 16-22-308 is discretionary with the trial court. *See Marsh & McLennan of Arkansas v. Herget*, 321 Ark. 180, 184 (1995).

To qualify as a prevailing party entitled to attorney fees under § 16-22-308, a litigant must be granted some relief on the merits of his or her claim. *See BKD, LLP v. Yates,* 367 Ark. 391, 394, 240 S.W.3d 588, 591 (2006). The Court finds that Moran's failure to defend[2] is sufficient to

---

[1] When federal jurisdiction is based on diversity of citizenship, a federal court looks to the choice-of-law principles of the forum state. *Simpson v. Liberty Mut. Ins. Co.*, 28 F.3d 763, 764 (8th Cir. 1994). In contract actions, Arkansas Courts have applied the "significant contacts" test, which requires an inquiry into the nature and quantity of each state's contacts with the transaction at issue. *Fuller v. Hartford Life Ins. Co.,* 281 F.3d 704, 706 (8th Cir. 2002); *Southern Farm Bureau Casualty Ins. Co. V. Craven*, 79 Ark. App. 423, 89 S.W.3d 369 (2002). In this case, the contract was formed and performed in Arkansas, and the Court finds that Arkansas law governs the substantive issues, including the issue of attorney fees.

[2] In addition to his failure to comply with the Court's discovery orders, Moran failed to respond to Affiliated's request for admissions, which rendered all matters contained in the

confer prevailing party status on Affiliated.

Affiliated seeks $5,768 in attorney fees, based on 34.0 hours of work by attorney Victor D. "Trey" Wright at $150 per hour, and 8.2 hours of work by paralegal Toni R. Coleman. There is no fixed formula for determining reasonable attorney's fees, but factors to consider include the following:

> 1) the experience and ability of counsel; (2) the time and labor required to perform the legal service properly; (3) the amount involved in the case and the results obtained; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged in the locality for similar services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client or by the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

*South Beach Beverage Co., Inc. v. Harris Brands, Inc.,* 355 Ark. 347, 356 (2003).

After considering the factors enumerated above and reviewing Affiliated's documentation in support of its motion, the Court concludes that the fees requested are reasonable and should be awarded.

## **Costs**

Pursuant to Federal Rule of Civil Procedure 54(d)(1), a prevailing party shall be allowed costs, other than attorney fees, unless otherwise directed by the court or unless a federal statute or other rules provide for costs. Rule 54(d) "codifies the presumption that ... costs will be awarded to prevailing parties." *Police Retirement Sys. v. Midwest Inv. Advisory* Serv., 940 F.2d 351, 358-59 (8th Cir. 1991).

Affiliated seeks $376 in costs–$340 in filing fees and $36 for "service fees." Filing fees

---

request admitted.

may be taxed as costs.[3]  However, the Eighth Circuit has held that the cost of private process services are not taxable as costs because 28 U.S.C. § 1920 contains no provision for such expenses.  *See Crues v. KFC Corp.,* 768 F.2d 230, 234 (8th Cir.1985).  Accordingly, Affiliated will be awarded $340 in costs.

## Prejudgment Interest

Affiliated seeks $5,126.35 in prejudgment interest and calculated the requested amount by applying a 6% per annum interest rate to the total amount of each separate invoice[4] from the date each invoice was received[5] until the date of the entry of judgment.

Under Arkansas law, in cases where damages are awarded and no interest rate has been agreed to by the parties, prejudgment interest is limited to 6%, *see Shepherd v. State Autoroperty and Cas. Ins. Co.*, 312 Ark. 502, 516 (1993), and the Arkansas Supreme Court has approved using 6% as the prejudgment interest rate rather than the market rate, when the parties did not agree otherwise.  *See Killam v. Texas Oil & Gas Corp.*, 303 Ark. 547, 798 S.W.2d 419 (1990).  After careful review, the Court finds that Affiliated is entitled to $5,126.35 in prejudgement interest.

---

[3] Title 28 U.S.C. § 1920 defines the expenses that may be taxed as costs under Rule 54(d)(1).  These include (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

[4] Affiliated's invoices to Moran were made part of the record during the hearing on damages held on November 2, 2008.

[5] Affiliated presents a schedule that includes each invoice number and the dates that Moran received the invoices according to Federal Express tracking.

IT IS THEREFORE ORDERED that Plaintiff's motion for attorney fees, prejudgment interest, and costs (docket entry #36) is GRANTED.  Plaintiff is hereby awarded $5,768 in attorney fees, $340 in costs, and  $5,126.35 in prejudgment interest.

IT IS SO ORDERED THIS 11TH DAY OF DECEMBER,  2008.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE