# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN   DIVISION

| | | |
|---|---|---|
| AFFILIATED REAL ESTATE | * | |
| APPRAISERS OF ARKANSAS | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | NO: 4:07CV01221 SWW |
| | * | |
| WILLIAM MORAN, doing business as | * | |
| Premiere Realty Services | * | |
| | * | |
| Defendants | * | |
| | * | |

## ORDER

Before the Court is Defendant's motion (docket entry #40) to vacate the default judgment

entered in this case, and Plaintiff's response in opposition (docket entry #42).  After careful

consideration, and for reasons that follow, Defendant's motion will be denied.

## Procedural Background

On December 28, 2007, Affiliated Real Estate Appraisers of Arkansas ("Affiliated")

commenced this breach of contract action against William Moran, a resident of Massachusetts,

pursuant to the Court's diversity jurisdiction.[1]  Affiliated alleges that the parties entered a

contract for real estate appraisal services, and Moran failed to pay for work performed under the

---

[1]The complaint names William Moran, individually, and William Moran d/b/a Premiere
Realty Services.  The distinction "doing business as," without more, does not indicate an entity
that has a legal existence separate from Moran.  Accordingly, the Court does not recognize
Premiere Realty Services as a separate defendant.

1

contract.   Moran, proceeding *pro se*, filed a counterclaim for breach of contract and negligence,

alleging that Affiliated failed to complete appraisal reports in accordance with USDA and other

standards.

By order entered January 22, 2008, the Court advised Moran of his obligation to be

familiar and comply with all Federal Rules of Civil Procedure and the Local Rules of this Court.

The Court directed the Clerk to serve the order on Moran by regular and certified mail, return

receipt requested, to the address provided by Moran in his answer and counterclaim.   The order

was returned to the Court as undeliverable.   *See* docket entry #18.

On August 13, 2008, Affiliated filed a motion to compel Moran to provide responses to

interrogatories and requests for production of documents.   The time for responding passed, and

Moran failed to respond.   By order entered August 28, 2009, the Court directed Moran to provide

Affiliated responses to the discovery requests within ten days.   The Clerk of the Court mailed a

copy of the Court's order to Moran at the address he supplied in his answer and counterclaim.

On September 21, 2008, Affiliated filed a motion for default judgment, alleging that

Moran failed to comply with Court's order to respond to discovery.   By order entered October 14,

2008, the Court ordered Moran to respond to Affiliated's motion for default judgment and state

any reason why the Court should not enter judgment against him for failure to comply with the

Court's order directing him to respond to discovery requests.   The Court's order warned  Moran

that failure to respond would result in entry of a default judgment against him.   The Clerk of the

Court mailed a copy of the order to Moran at the address provided in his answer and

counterclaim.

Moran failed to respond to the order entered October 14, 2008, and by order entered

October 28, 2008, the Court granted Affiliated's motion for default judgment on the issue of liability and directed that the court trial set for November 3, 2009 would proceed for the purpose of determining damages.  The Clerk of the Court mailed a copy of the order to Moran at the address he supplied in his answer and counterclaim.

On November 3, 2008, this case came on for trial on the issue of damages.  Moran made no appearance at the trial, which proceeded without him.  After receiving evidence, the Court stated findings from the bench, and entered judgment in favor of Affiliated in the amount of $84,966.50, together with interest from this date until paid at the rate of 1.66% as provided by law.

## Motion to Vacate or Set Aside the Default Judgment

On September 30,  2009, almost one year after the court entered judgment in this case, Moran, through counsel, filed a motion to vacate the default judgment.

A default judgment may be set aside in accordance with Fed. R. Civ. P. 60(b).  *See* Fed. R. Civ. P. 55(c).   In deciding whether to set aside a default judgment, a court  must consider (1) whether the conduct of the defaulting party was blameworthy or culpable, (2) whether the defaulting party has a meritorious defense, and (3) whether the non-defaulting party would be prejudiced if the default were excused.  *See Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir. 1998).

### A.  Blameworthy or Culpable Conduct

In support of his motion, Moran states that in late April to early May 2008, he moved his office to a different location, and failed to notify the Court of his change of address.  Moran states: "Because of this oversight the Defendant thereafter failed to receive any pleadings,

3

notices, or other documents related to this action.  As a result, he had no actual knowledge of any discovery requests, or that a motion to compel had been filed."  Docket entry #20, at 4.

The Court's order entered on the record and mailed to Moran on January 22, 2008 was returned to the Court as undeliverable, yet Moran states that he did not change his address until late April to early May 2009.   Additionally, Affiliated has presented evidence that Moran used the same address he provided in his answer and counterclaim as recently as April 2009, and Moran's Rule 26(f) report filed with the Court on May 8, 2008 contains the same address provided by Moran in his answer and counterclaim, and it appears immediately below Moran's signature.

Pursuant to Local Rule 5.5(c)(2), it is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  A party appearing for himself must also sign his pleadings and state his address, zip code, and telephone number.  In this case, it is clear that Moran was not blameless in failing to notify the Clerk and parties regarding his purported change of address and failing to monitor the progress of the case and defend the action diligently.

### B.  Meritorious Defense

"Whether a meritorious defense exists is determined by examining 'whether the proffered evidence would permit a finding for the defaulting party.'" *Stephenson v. El-Batrawi*, 524 F.3d 907, 914 (8th Cir. 2008)(citing *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998)).  "'The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default.'" *Id*.(quoting *Augusta*

*Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1998)).

Moran's defense rests on allegations that Affiliated failed to complete appraisal reports in accordance with USDA and other standards.  However, Moran provides no evidence that the parties' contract required Affiliated to complete appraisals in accordance with specific standards. Moran has failed to present a sufficient factual or evidentiary support to demonstrate the existence of a meritorious defense.

### C.  Prejudice

The Court finds that Moran had ample opportunity to defend himself in this case, and he declined to do so in a timely manner.   And according to Moran, he learned of the default judgment on March 21, 2009, four months after its entry, yet he waited until September 30, 2009 to file the present motion.  Although it is not clear from the record that Affiliated would suffer substantial prejudice if the default judgment were set aside, Moran has failed to show that he is not blameworthy or culpable, and he has failed to show the existence of a meritorious defense. Accordingly, the Court finds that Moran has failed to show good cause to set aside the default judgment.

For the reasons stated, Defendant's motion to vacate the default judgment (docket entry #40) is DENIED.

IT IS SO ORDERED THIS 28TH   DAY OF OCTOBER, 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

5